## Case No. 1,436.

BIRDSELL v. HAGERSTOWN AGRICULTURAL IMPLEMENT MANUF'G CO.

[1 Hughes, 59;[1] 2 Ban. & A. 519; 11 O. G. 420; 4 Cent. Law J. 211; 9 Chi. Leg. News, 186.]

Circuit Court, D. Maryland. Jan., 1877.

PATENTS—INJUNCTION—CONTEMPT — EVIDENCE OF VIOLATION.

1. On a motion for commitment for contempt for violating an injunction issued upon a patent, the question as to whether the machine constructed is the same as the old one enjoined, is one of fact, to be determined on the evidence.
[Cited in U. S. v. Anon., 21 Fed. 767.]

2. In determining this question, accurately constructed models of the two machines are the best means to enable the court to judge whether one machine differs in principle and mode of operation from the other.

3. In the absence of models, the testimony of experts who have examined the two machines is controlling.

4. The rule is, that courts of equity will never attach unless the violation of the injunction is plain and clearly proven to the court.
[Cited in Smith v. Halkyard, 19 Fed. 602.]

5. Birdsell's invention construed to be for the combination of a pure threshing cylinder with a pure hulling cylinder, and defendant's present machine for the combination of two hulling cylinders, and although the first cylinder in the present machine may separate the straw from the heads by a rubbing action, it is not a pure threshing cylinder, and, therefore, not an infringement of Birdsell's claim.

A motion for an attachment to commit defendants for contempt of court.

In 1874 the complainant [John C. Birdsell] sued the defendants for infringing upon his reissued patent, granted April 8th, 1862, as a reissue of the patent originally granted him May 18th, 1858, for improvement in machines for threshing and hulling clover-seed. This patent had been sustained in a very extended litigation in the northern district of Ohio by Justice Swayne, and the defendants in those cases had been enjoined. [Birdsall v. McDonald, Case No. 1,434.] Thereupon the present suit was brought, and it appearing to the court that the defendant used substantially the same devices as the defendants in the

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

Ohio cases, a preliminary injunction issued against them under the patent in the fall of 1874. [Birdsall v. Hagerstown Agr. Imp. Manuf'g Co., Id. 1,433.] Afterwards they constructed a machine to accomplish the same purpose as the old one which had been enjoined, to wit, to pull out the seed. It was constructed, however, with certain changes, and the question heard by the court on the motion for commitment was, whether or not the changes that had been made by the defendant carried the machines outside the Birdsell patent.

Birdsell's patent had three claims, as follows: "1st. I claim the arranging and combining in one machine, the cylinder which threshes the bolls and seed from the straw or stalks, and the cylinder which hulls the seed so that the bolls and seed threshed may be hulled before it, the seed, passes out of the machine. 2d. In combination with the threshing and hulling cylinders, I claim the bolting, or screening, and fanning apparatus, which separates bolls and seed from the straw or stalks and delivers them to the hulling cylinder. 3d. In combination with the threshing and hulling cylinder, I claim the screening and fanning apparatus, which separates the hulls or bolls, and cleans the seed after it leaves the hulling cylinder."

It will be observed that the first claim was for the combination on one machine of a threshing cylinder to thresh the bolls from the straw; with the hulling cylinder, to hull the seed out of the bolls after they had been threshed from the straw. The second claim included this threshing cylinder and hulling cylinder as part of the elements claimed, adding other elements to them. This is also true of the third claim. The question was, therefore, raised on the first claim of the patent, the defendants claiming that they did not take the threshing cylinder contemplated by the Birdsell patent, it being conceded that they had the other parts. As this threshing cylinder was one of the elements of each claim of the patent, it was conceded that if they did not have this they did not infringe.

It appeared that, in the cases at Cleveland, [Birdsall v. McDonald, Case No. 1,434,] wherein Birdsell's patent was first sustained, the defendants had set up in defence a machine made by one Rowe, in Virginia, before the date of Birdsell's invention. At the hearing of those cases, Birdsell's counsel claimed that the Rowe machine was not an anticipation of Birdsell's invention, for the reason that although it had two cylinders, yet the first cylinder was not a pure threshing cylinder; that it differed from Birdsell's in the following particulars: 1st. That the spikes on the cylinder were bearded for the purpose of grinding or tearing, whereas the spikes on the Birdsell cylinder were smooth, for the purpose of knocking off the bolls by a knocking action. 2d. That the cylinder of the Rowe machine was covered with punched sheet-iron for the purpose of assisting in tearing off

the hulls from the seed, whereas the cylinder of the Birdsell machine was smooth, so that it might not operate in this manner. 3d. That the concave underneath the cylinder of the Rowe machine was lined with punched sheet-iron to assist in the hulling operation, whereas the concave of the Birdsell cylinder was smooth. 4th. That the concave in the Rowe machine extended around far under the cylinder, so that the action of the cylinder and concave upon the seed might be kept up for some time during the progress of the bolls between the cylinder and concave, whereas the Birdsell concave was very narrow, so that the operation of hulling might not be performed, and that the result of these differences in construction was that the first cylinder of the Rowe machine hulled more seed than the second cylinder.

Now the defendants, the Hagerstown Company, in constructing their new machine, had departed from their old one in the same direction that the Rowe machine, earlier than Birdsell's, departed from the Birdsell. They had introduced into its first cylinder hulling devices, so that it hulled seed at the same time that it threshed the bolls from the straw. It was not the same cylinder and concave that Rowe had. It was a better one, and covered by patents recently granted to the Hagerstown Company, yet it had roughened spikes, a roughened concave, and a broad concave. It was therefore contended by the defence that this cylinder was not a threshing cylinder, but a hulling cylinder, as those terms are employed in the art of clover hulling, and that Birdsell in his case at Cleveland, in attempting to avoid the Rowe machine, had limited the claim to the first cylinder, constructed with purely threshing devices, and without hulling devices; and that, now his patent had been sustained, he could not extend it over a machine, the first cylinder of which was constructed with hulling devices.

The defendants contended that it appeared from the evidence that defendant's machine took the long straw with the clover on into the machine, and threshed the bolls from the straw, and hulled out the seed in one operation; and that it therefore accomplished the same purpose as Birdsell's, and that inasmuch as the first cylinder was so constructed that it was capable of threshing the bolls from the straw, it made no difference if, in addition to that, it also hulled out considerable seed. A large number of affidavits of experts were introduced on either side as to the operation of the machines.

Leverett Leggett, Wells Leggett, and Mortimer D. Leggett, for complainant.

Archibald Sterling, Robert H. Parkinson, and John E. Hatch, for defendants.

BOND, Circuit Judge, and GILES, District Judge. The injunction in this case

was to restrain the defendant from making, or using, or vending any combined machinery for threshing and hulling clover-seed, made in accordance with any of the inventions specified or claimed in any of the claims of the complainant's reissue patent 1,299, or such as they have heretofore made and sold.

Petition now is for an attachment against defendant for violating this injunction by making and selling machines containing a threshing and a hulling machine combined, as patented to complainant in the first claim of his patent.

The defendant denies that it has done this, but claims that the machines made and sold by it are substantially different from what it made before the issuing of said injunction, and from the machine described in complainant's patent, No. 1,299.

This is largely a question of fact, and many affidavits have been submitted to the court by the counsel for the respective parties.

The complainant has filed the affidavits of Frank Millward, an expert, Joseph W. Dougall, John C. Birdsell, complainant, and Hiram King, four in all. The defendant has filed affidavits of William C. Dodge, J. F. Reigart, L. W. Downing, Jacob Downing, Jacob W. Zantzinger, John Weller, S. C. Dowin, and A. Miller, eight in all.

In considering the question of a violation of an injunction, the court cannot but regret that they have not been furnished with models of the machine patented by Birdsell, and the machine which he alleges to be a violation of the first claim of his patent. The court can always best judge from models whether one machine differs in principle and mode of operation from another. In the absence of such evidence the court must look to the testimony of the experts who have examined the two machines. Now, it is a rule governing courts of equity in such cases that they will never attach a defendant for contempt where the violation of the injunction is not plain, and proved to the satisfaction of the court. So far from a violation being proved in the case, the evidence of the witnesses clearly shows to this court that the two machines are different in their mode of construction, and it is for the court to decide whether there is a substantial difference in the principle upon which they act. Now, the expert produced by complainant swears that they are substantially the same, but the two experts on behalf of defendant, Reigart and Dodge, both men of great experience in such matters, testified that the machines now made by defendant do not contain a feature of Birdsell's first claim. This, the court thinks, is fully sustained by the written evidence in the case. Birdsell's patent is for a combination of a pure threshing cylinder with a pure hulling cylinder; the defendant's machines contain a combination of two hulling cylinders, and although the upper cylinder may in some

measure separate the straw from the head by rubbing or threshing, it is not a pure threshing cylinder; this has been done in machines made and patented before the date of Birdsell's patent, as will be seen by the diagrams I, K, and L attached to the deposition of Dodge, filed in this case. The court will therefore dismiss the motion for an attachment in this case.

[NOTE. For cases involving the same patents, see note, Case No. 1,434.]